IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LIBBY LITTLE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No. |
| | * | |
| **BBVA COMPASS BANCSHARES, INC.,** | * | |
| | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

**COMES NOW** Plaintiff Libby Little, and as her Complaint against the above-described Defendant, assert as follows:

### PRELIMINARY STATEMENT

1.  This case arises from the refusal of Defendant to investigate and remove improper credit card charges from Plaintiff's credit card account. Defendant has violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, by failing to properly investigate Plaintiff's billing error dispute, failing to remove those charges and failing to provide the required notification regarding its ultimate disposition of Plaintiff's dispute and Plaintiff's liability for the disputed charge.

### JURISDICTION AND VENUE

2.  This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1640(e). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## PARTIES

3.     Plaintiff is an adult resident of Mobile County, Alabama.

4.     Defendant BBVA Compass Bancshares, Inc. ("Compass") is a corporation with its headquarters in Birmingham, Alabama. At all relevant times, owned and administered the credit card account described below and did so using the name BBVA Compass.

## BACKGROUND FACTS

5.     Plaintiff is an adult resident of Mobile County, Alabama. She is retired, having served 28 years with the Mobile County Public School System as a teacher, principal and administrator.

6.     Plaintiff Libby Little is the cardholder of a Visa credit card issued and managed by Compass under the account number ending 9248. (That credit card is hereinafter referred to as the "Compass Visa Card.")

7.     On or about February 19, 2016, Plaintiff was making plans for a trip to Rome, Italy to take place in June 2016. She logged onto the Expedia.com website with intentions to make a flight reservation from Atlanta to Rome. She was presented a series of flights and there was a flight labeled "budget" that appeared acceptable to her, although the details regarding the itinerary and length of layovers were not provided. What was provided was a clear statement on the website that any flight booking could be changed or canceled within 24 hours without penalty.

8.     Relying on that statement regarding the 24 hour window for changes or cancellations, Plaintiff selected the flight and used her Compas Visa Card for the purchase. Moments later the itinerary appeared. The itinerary for the flight selected was completely unworkable, with a 10-hour layover in Toronto, Canada before the 8-plus-hour flight to Rome.

2

9. Plaintiff immediately (within the following 30 seconds) called Expedia at the number provided on its web site to exercise her right to cancel or change the flight to one that would be more acceptable schedule. Plaintiff was willing to do so, even if the alternate flight was more expensive. At the time she called to cancel the flight, the Expedia web site stated "This flight has not yet been confirmed." Upon information and belief, the payment had not yet been processed. Plaintiff explained to an Expedia agent that she wished to cancel the flight and she was placed back on hold. After an extended hold, an Expedia agent explained to Plaintiff that she could not alter the itinerary without paying a penalty in excess of $300), despite the fact that Expedia site clearly stated that the flight purchase could be altered within 24 hours without penalty.

10. Immediately after the call with Expedia, Plaintiff called the customer service number for Compass and instructed the Compass representative to stop or block any charges related to the canceled Expedia flight. During that call, Plaintiff was informed that the charge had already been placed on her account.

11. Upon information and belief, Expedia intentionally placed Plaintiff on an extended hold so that it could run the charge through her credit card account despite the fact that its representatives were aware of Plaintiff's desire to cancel the charge and despite its representation that such a cancellation could be made without penalty. As stated above, at the time she notified Expedia of her cancellation, the flight had not been confirmed and the payment had not been processed.

12. During the call with Compass customer service, the representative explained that she could reverse the charge if she had a "customer verification number" from Expedia. She then put Plaintiff on a three-way call with an Expedia representative who gave Compass the "customer verification number." The Compass agent then assured Plaintiff that this was all the information that

she needed to delete the charge and that the charge had been deleted from her account effective immediately. Based on that representation, Plaintiff made another airline reservation, purchasing the flight through her Compass Visa Card account.

13. Despite those representations regarding the cancellation of the charge, the Expedia charge for the canceled flight appeared on the very next Compass Visa Card monthly statement. After receiving the statement, Plaintiff immediately called the Compass customer service number. During this call, she was instructed to go to a local Compass branch and file a written dispute, which she did the very next day.

14. As a result of that written dispute, a "purchase adjustment" was posted on Plaintiff's account on March 18, 2016, which removed the Expedia charge. The Expedia charge did not appear on Plaintiff's Compass Visa statements for the subsequent 4 months.

15. However, the charge was reinstated on Plaintiff's August 2016 statement (dated August 10, 2016). The charge was dated February 19, 2016 and "reposted" on July 15, 2016.

16. Immediately after receiving August 2016 statement, Plaintiff called Compass customer service and explained the situation. She was again instructed to go to a local Compass branch and file a dispute, which she did. Plaintiff spoke to a Diane Millar manager at the Compass branch on Old Shell Road who promised to look into the matter and get back to her. A few days later, Plaintiff received an email from Compass stating that there was nothing more it would do.

17. Shortly thereafter, Plaintiff received a letter from Compass dated July 18, 2016 explaining that it had determined that no billing error had occurred and that she was obligated for the Expedia charge. No explanation of this decision was given except to state that the merchant (Expedia) refused to process the refund. No explanation was given addressing how or why Compass

determined that Plaintiff's cancellation of the charge was not effective.

18. On September 14, 2016, Plaintiff submitted a written dispute to Compass which set out in detail the facts regarding her cancellation of the Expedia flight. The dispute was sent in response to the reappearance of that charge on her August credit card statement. The dispute explained that she immediately (within 30 seconds of selecting the flight) took steps to cancel the booking. Also, the letter explained that Expedia published on its web site its statement that any booking could be canceled or changed within 24 hours without penalty. The letter also explained that Compass initially told her that the charge had been removed and that, when it was placed back on her account in March 2016, she timely contacted Visa and submitted a written dispute as she was instructed to do. The letter also explained that her previous dispute resulted in a removal of the charge until it reappeared on her August 2016 statement.

19. Plaintiff's disputes set out facts sufficient to demonstrate that she was not provided the full terms of the agreement with Expedia regarding the flight prior to the processing of her payment and that those terms were fully revealed only after Expedia acquired Plaintiff's credit card information and began processing her payment. This deprived Plaintiff of any opportunity to review the material terms of the flight she was purchasing. These facts establish that no acceptance of the terms had taken place in accordance with applicable Alabama law. These facts also establish that even if there had been acceptance, that acceptance was immediately revoked and the flight cancelled under the terms disclosed by Expedia and under Alabama law. Therefore, by application of Alabama law, there was binding obligation placed upon Plaintiff to pay for the unaccepted, rejected and/or cancelled flight offer. These facts establish a "billing error" pursuant to 15 U.S.C. § 1666(b)(1) and (3) and Compass was required to reasonably investigate that billing error and remove the charge and

all associated fees and interest charges.

20. Compass has failed to conduct any reasonable investigation of Plaintiff's billing error disputes and failed to make appropriate corrections which any reasonable investigation would have revealed were appropriate and reasonable. Compass has taken no steps to remove the charge resulting from the billing, or the interest which has accrued on that charge.

## COUNT I
## (FCBA VIOLATIONS)

21. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

22. This is a claim asserted under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666.

23. The Compass Visa Card is a credit card account issued and administered by Defendant. Plaintiff's Compass Visa Card is a "credit card" as defined in 12 C.F.R. § 1026.2(a)(15)(i) and her Compass Visa account (ending in 9246) is a "credit card account under an open-end (not home-secured) consumer credit plan" as defined in 12 C.F.R. § 226.2(a)(15)(ii).

24. With respect to said account, Defendant is a "creditor" as that term is defined at 15 U.S.C. 1602(g) and a "card issuer" within the meaning of 12 C.F.R. § 1026.2(a)(7).

25. Plaintiff is a "consumer" and, with respect to said credit card account, is a "card holder" within the meaning of 12 C.F.R. § 1026.2(a)(8) and (11).

26. Plaintiff's disputes of the above-mentioned unauthorized charges constitute notices of a "billing error" within the meaning of 15 U.S.C. § 1666(b).

27. Plaintiff timely provided notice of a billing error dispute within the meaning of 15 U.S.C. § 1666(a).

28. Defendant failed to comply with the requirements of the FCBA in one or more of the following ways:

   A. Failed to conduct any reasonable investigation of the dispute;

   B. Failed to complete its investigation and provide required notices within time allowed by applicable regulations;

   B. Failed to comply with appropriate error dispute resolution procedures;

   C. Failed to remove the disputed charge after receipt of information which demonstrated that Plaintiff had properly rescinded and/or cancelled the agreement; and

   D. Failed to provide the required written notification of its denial of the dispute and its decision to reinstate the disputed charge.

29. As a proximate result of this conduct, Plaintiff has suffered actual damages.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for violations of the FCBA and award Plaintiff the following relief: actual damages, statutory damages;, costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL COUNTS.**

_____
KENNETH J. RIEMER
Attorney for Plaintiff
UNDERWOOD & RIEMER, PC
166 Government Street
Mobile, Alabama 36602
Phone: (251) 432-9212
Email: kjr@AlaConsumerLaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

BBVA Compass Bancshares, Inc.
c/o Clanton, B S
15 South 20th Street
Birmingham, Alabama 35296